IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
LINDA GEORGE,                    )
                                 )
          Plaintiff,             )
                                 )
     v.                          )   No.  09 C 5272
                                 )
TARGET CORPORATION,              )
                                 )
          Defendant.             )
```

MEMORANDUM ORDER

As a result of the noticing up for presentment on September 28 of the motion to compel filed last week by Target Corporation ("Target") in this personal injury action brought against it by Linda George ("George"), this Court discovered that its chambers file lacked a copy of Target's responsive pleading to George's Complaint.[1] In that respect this Court is certain that it had never seen that Target pleading, because it reads every document promptly after its receipt in chambers, and it always addresses matters of the type dealt with here.

First, several paragraphs of Target's Answer advance the disclaimer authorized by Fed. R. Civ. P. ("Rule") 8(b)(5) as a basis for the deemed denial of George's corresponding

---

[1] Target may or may not have complied with this District Court's LR 5.2(f) that requires delivery of a paper copy of every electronically filed document to the Judge's chambers. Because of questions that have arisen in other cases in that respect, this Court's staff has recently established the practice of maintaining a record of every such delivery, but that practice had not yet been adopted back in November 2009, when Target's pleading was filed.

allegations. But in one instance (Answer ¶6), Target's counsel follows the Rule 8(b)(5) language with "and therefore denies same." That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)? Accordingly the quoted phrase is stricken from Answer ¶6.

Next, certain of Target's asserted Affirmative Defenses ("ADs") are problematic under Rule 8(c) and the caselaw construing it--on that score, see App'x ¶5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001). Here are the problems:

   1. ADs 1 and 2 impermissibly contradict Complaint ¶7, which Target has already put in issue by an outright denial. Those ADs are accordingly stricken (an action that does not prejudice Target in any respect).

   2. By the same token, ADs 3 and 4 are at odds with what Complaint ¶9 said Target "knew or should have known," so they too are stricken. Again Target suffers no prejudice, for it has also denied the allegations in Complaint ¶9.

   3. AD 5 charges George with a failure to mitigate damages "[b]y delaying and neglecting medical treatment." But that flat-out assertion appears to be belied by the

contingent nature of Target's ensuing "WHEREFORE" assertion. At the September 28 motion hearing, Target's counsel will be expected to explain whether Target really knows of George's purported failure to mitigate, or whether instead the AD is purely contingent, in which case it should not have been advanced.

                                                _____
                                                Milton I. Shadur
                                                Senior United States District Judge

Date:  September 27, 2010